UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 19-264 (ECT/DTS)

UNITED STATES OF AMERICA,

Plaintiff,

v.

RAY GHANSHAM PERSAUD,

Defendant.

**GOVERNMENT'S OMNIBUS
RESPONSE TO THE DEFENDANT'S
PRETRIAL MOTIONS**

The United States of America, by and through its attorneys, Erica H. MacDonald,

United States Attorney for the District of Minnesota, and John Docherty, Assistant United

States Attorney, hereby responds as follows to the pretrial motions of the defendant, Mr.

Ray Persaud. The responses follow the numerical order of the defense motions as filed on

CM/ECF.

### 1. Motion for Pretrial Disclosure of 404(b) Evidence (CM/ECF No. 25).

As of the writing of this response, the government is not aware of any evidence it

will seek to admit at trial pursuant to Fed. R. Evid. 404(b). If the government does come

into possession of any such evidence, it will disclose the evidence promptly, and in any

event no later than two weeks before trial.

The government respectfully asks that this motion be denied as moot.

### 2. Motion for Disclosure of Defendant's Statements, Admissions, and Answers (CM/ECF No. 27)

Following his arrest on Thursday, September 5, 2019, the defendant was

interviewed at the Blaine Police Station by two Federal Bureau of Investigation Task Force

1

Officers. That interview was audio and video tape recorded from beginning to end. The recording was disclosed to the defense with the government's October 17, 2019 Fed. R. Crim. P. 16 disclosures, together with a report of the interviewing officer. A copy of the written advice and waiver of *Miranda* rights that was signed by Mr. Persaud at the outset of the interview was disclosed to the defense on October 28, 2019.

There are no other interviews of Mr. Persaud. The government having fully complied with its discovery obligations regarding interviews, the government respectfully asks that this defense motion be denied as moot.

### 3. Motion for Discovery (CM/ECF No. 28)

This motion of defendant's tracks Fed. R. Crim. P. 16. The government is in compliance with its obligations under that rule, and will remain in compliance until the end of this case. Taking up the specific sub-parts of the defendant's motion in turn:

a. **Statements by the defendant.** As set forth above in the government's response to the Defendant's Motion for Disclosure of Defendant's Admissions, Statements, and Answers, the government has fully complied with its obligation under this part of Fed. R. Crim. P. 16 by disclosing all materials memorializing the defendant's September 5, 2019 interview with law enforcement.

b. **The substance of any oral statement which the government intends to offer in evidence.** In addition to the post-arrest statement above, the government will certainly offer in evidence the substance of the bomb threats which the defendant phoned in to the University of St. Thomas on April 17, 2019; August 20, 2019; and September 17, 2019. The substance of these statements is in the materials

2

provided to the defendant, specifically reports by the St. Paul Police Department, reports provided by the University of St. Thomas's Department of Public Safety, and reports by the Federal Bureau of Investigation. Any other statements which the government intends to introduce at trial may be found in the materials disclosed. Any statements by the defendant which come to the government's attention after the date of this motion response will be promptly disclosed.

c. **A copy of the defendant's prior criminal record.** The defendant has no prior criminal record beyond traffic offenses. State court records memorializing those traffic offenses, and their adjudication, have been disclosed to the defense.

d. **Permission for the defendant to copy and inspect materials in the government's possession.** Any non-privileged material in the government's possession related to this case may be inspected and copied upon request by the defense at any mutually convenient time.

e. **Permission for the defendant to inspect and copy reports of examinations and scientific tests or experiments.** As of the filing date of this response, the government has conducted no physical or mental tests, nor has it conducted any scientific tests or experiments. Moreover, the government does not anticipate performing any such examinations, tests, or experiments in this particular case, but if it does, the results will be promptly disclosed to the defense. In addition, the defendant may inspect and copy reports of any examinations, tests, or experiments that the government conducts at any mutually convenient time.

The government respectfully asks that this motion be denied as moot.

4. **Motion for Disclosure of Evidence Favorable to the Defendant (CM/ECF No. 29).**

The government is well aware of its obligations to disclose to the defendant exculpatory and impeaching information. The government has fully complied, and will continue to fully comply, with its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); and the numerous cases following, and construing, those two leading cases. To the extent the motion exceeds *Brady*, *Giglio*, and their progeny, the government objects to the motion.

The government respectfully asks that this motion be denied as moot.

5. **Defense Motion for Disclosure of Expert Witnesses (CM/ECF No. 31).**

At this time, the only potential government witnesses who could be characterized as experts are the FBI computer forensics examiners who have analyzed the defendant's electronic devices. In addition, as this case moves forward, the government plans to consult with an expert on the various communications technologies, and related matters, involved in this case, for example, Voice Over Internet Protocol telephony, IP addresses, and firewall data. The government has not consulted with such an expert to date, and has not identified the communications technology expert it will use. When the government identifies the specific forensic examiner it will use at trial it will make the disclosures required by the Federal Rules of Evidence. The same is true of the communications technology expert the government will retain.

The government respectfully asks that this motion, too, be denied as moot.

4

**6. Defense Motion for Leave to File Additional Motions (CM/ECF No. 32).**

The government does not believe a court order doing no more than expressing the proposition that additional defense motions, if predicated upon unanticipated material being found within the government's disclosures, is necessary. That said, the government is not opposed to this motion, provided the government may object to specific motions brought by the defendant in the future.

The government respectfully asks that this motion be granted, but without prejudice to the government's prerogative to object to a motion that is objectionable on some ground other than being late filed because the predicate for the motion was in materials disclosed by the government too late for the materials to be incorporated into a defense motion filed on or before the motions filing date.

**7. Defense Motion to Compel the Production of *Giglio* Material (CM/ECF No. 33).**

As noted above in its response to the defendant's motion for material favorable to the defendant, the government is in compliance, and will continue to be in compliance, with its obligations under *Giglio v. United States*, 405 U.S. 150 (1972), and the cases following it.

The government respectfully asks that this motion be denied as moot.

**8. Defense Motion for a Government Witness List (CM/ECF No. 34).**

The timing of an exchange of witness lists by the parties is a matter best left to the district court judge who will preside over the trial of this case. The government anticipates

that in a pretrial scheduling order, Judge Tostrud will direct the parties to exchange witness lists on or before a particular date certain.

The government respectfully asks that this motion be denied, but without prejudice, so it may be re-filed, if necessary, with Judge Tostrud before trial.

## 9. Defense Motion for Disclosure of Grand Jury Transcripts (CM/ECF No. 35).

The government objects to this motion. Any grand jury transcripts that are Jencks as to any particular prosecution trial witness will be furnished no later than two weeks before trial. Any other grand jury transcripts should not be ordered disclosed.

Fed. R. Crim. P. 6(e)(3)(E) limits the disclosure of grand jury matters. The two exceptions to the general rule of grand jury secrecy in that rule are found at Fed. R. Crim. P. 6(e)(3)(E)(i) (disclosure "preliminarily to, or in connection with, a judicial proceeding") and Fed. R. Crim. P. 6(e)(3)(E)(ii) (disclosure at the request of a defendant who shows that a ground may exist to dismiss an indictment because of a matter that occurred before the grand jury). The second exception may quickly be disposed of in this case. The defendant has not shown, and has not sought to show, that he believes he has grounds to dismiss the indictment in this case, and that disclosure of grand jury matters will show those grounds. Rather, he rests his argument for disclosure on an assertion that the disclosure of grand jury matters will aid cross-examination. Nowhere in Fed. R. Crim. P. 6(e), governing grand jury secrecy, is such a ground for disclosure of grand jury materials described.

Nor can the defendant's request for disclosure be premised on the rule's language permitting disclosure "preliminarily to or in connection with, a judicial proceeding."

When the Supreme Court analyzed this language in *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979) it held, after enumerating the serious public policy reasons for grand jury secrecy, that "[p]arties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." Mr. Persaud has not made any such showing in this case. He states only that the testimony of grand jury witnesses "may" be inconsistent, and that members of the grand jury "may" have commented on the assertion of constitutional privileges. How this avoids an injustice, how this is a request fashioned to only request the disclosure of needed material and not other material, and how this possibility rises to the level of an injustice is not specified in Mr. Persaud's motion.

The government respectfully requests that this motion be denied.

### 10. Motion for Early Disclosure of Jencks Act Material (DM/ECF No. 36).

The government objects to this Motion. The plain language of the Jencks Act, 18 U.S.C. § 3500, provides that the government may not be compelled to disclose witness statements and reports prior to presentation of the witness's testimony at trial. In this case, the government has already disclosed most of the Jencks Act material in its possession, and will voluntarily disclose all remaining Jencks Act material no later than two weeks before trial.

## 11. Defense Motion for Retention of Rough Notes (CM/ECF No. 37).

The government agrees that rough notes should be retained, but will oppose any motion seeking the production, as opposed to only the retention, of rough notes. Rough notes, contrary to defendant's claim, are not considered "statements" within the meaning of the Jencks Act, 18 U.S.C. § 3500. *United States v. Redding*, 16 F. 3d 298, 301 (8th Cir. 1994) (rough notes are not a statement of a witness, as there was no evidence witness signed, adopted, or approved of rough notes); *United States v. Shyres*, 898 F. 2d 647, 657 (8th Cir. 1990) (defendant not entitled to discover law enforcement agents' rough notes from witness interviews).

Not only are rough notes not discoverable as statements of the witness being interviewed, they are also not discoverable as statements of the law enforcement agent conducting the interview. *United States v. Simtob*, 901 F. 2d 799, 808-09 (9th Cir. 1990) (defendant not entitled to discovery of testifying agents' destroyed rough notes of investigation, because notes were merely pieces of information reduced to writing to refresh memory; notes were not a Jencks Act statement); *United States v. Williams*, 875 F.2d 846, 853 (11th Cir. 1989) (defendant not entitled to discover agents' personal notes, contact sheets, witness lists, or summaries of non-testifying witnesses' statements when bulk of material not relevant to subject matter of agents' testimony).

Law enforcement officers in this case have been preserving their rough notes, and will continue to do so.

**12. Defense Motion to Sequester Witnesses (CM/ECF No. 38).**

A motion to sequester witnesses is a trial management motion, best decided by the district court judge who will preside at trial, in this case Judge Tostrud.

The government respectfully asks that this motion be denied, but without prejudice, so that, if appropriate, it can be re-filed with the district court in advance of trial.

**13. Defense Motion for Counsel to Participate in *Voir Dire* (CM/ECF. No. 39).**

The question of whether, and to what extent, counsel should participate in the *voir dire* of the jury venire is a motion that should be decided by the district court judge who will preside at trial.

The government respectfully asks that this motion be denied, but without prejudice, so that, if appropriate, it can be re-filed with the district court in advance of trial.

**14. Defense Motion to Suppress Evidence from Search of Defendant's Phone and Internet Provider Records (CM/ECF No. 40).**

This motion was withdrawn by the defense in a letter dated November 13, 2019, and need not be ruled on by this Court.

**15. Defense Motion to Suppress Evidence from Search of Defendant's Electronic Devices (CM/ECF No. 41).**

This motion was withdrawn by the defense in a letter dated November 13, 2019, and need not be ruled on by this Court.

16. **Defense Motion to Suppress Evidence from Search of Defendant's Residence (CM/ECF No. 42).**

This motion was withdrawn by the defense in a letter dated November 13, 2019, and need not be ruled on by this Court.

17. **Defense Motion to Suppress Defendant's Statements, Admissions, and Answers (CM/ECF No. 43).**

This motion was withdrawn by the defense in a letter dated November 13, 2019, and need not be ruled on by this Court.

Dated: November 14, 2019

Respectfully Submitted,

ERICA H. MacDONALD
United States Attorney

BY:  JOHN DOCHERTY
Assistant U.S. Attorney
Attorney ID No. 017516X